**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4156**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JARVIS ALONZO DAVIS,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Chief District Judge.  (4:07-cr-00051-TLW-1)

Submitted:  August 17, 2017               Decided:  August 21, 2017

Before KEENAN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Casey P. Riddle, Assistant Federal Public Defenders, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Alonzo Davis appeals from the district court's judgment revoking his supervised release and sentencing Davis to a total of 30 months in prison. Davis' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he states that there are no meritorious issues for appeal but suggests that we review the reasonableness of Davis' sentence. Although advised of his right to file a pro se supplemental brief, Davis has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Id.* (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. A sentence within the applicable policy statement range under Chapter 7 of the Sentencing Guidelines is presumed reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir.), *cert. denied*, 136 S. Ct. 494 (2015). Applying these standards, we readily conclude that Davis' within-range sentence is neither procedurally nor substantively unreasonable, and therefore is not plainly unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.

2

This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*